UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIM INTERNATIONAL INTEGRATED SHIPPING SERVICES LTD.; ZIM ISRAELI INTEGRATED SHIPPING SERVICES LTD.; ZIM AMERICAN ISRAELI SHIPPING COMPANY INC.; and ZIM ISRAELI NAVIGATION COMPANY LTD;<br>        Plaintiffs<br><br>v.<br><br>F/V ATLANTIC, Official No. 917080, its engines, appurtenances, and permits, in rem; and<br>KAVANAGH FISHERIES, INC., in personam;<br>        Defendants. | Civil Action No. 05-CV-10989-GAO |

## DEFENDANTS' EMERGENCY MOTION FOR RECONSIDERATION

Now comes the defendants, the F/V ATLANTIC and KAVANAGH FISHERIES, INC. (collectively referred to as "Kavanaugh" or "Petitioner"), and hereby requests that the Court reconsider its Order directing the clerk to issue a warrant of arrest or, alternatively, staying said Order until such time as the Petitioner can be heard.

In support of its motion, Petitioner states it is willing to provide security, in the form of a Letter of Undertaking, in the amount of $1,000,000.00, or whatever other amount the Court should order. In fact, there have been ongoing discussions with the attorney for the ZIM's interests to that effect. The problem is complicated by the previous issuance of a Letter of Undertaking in the amount of $1,000,000.00 to Lombard Corporate Finance (December 3) Limited, the owner of the ZIM ZHENZHEN and Berryford Shipping (U.K.) Limited, the bareboat charterer. There is only one

set of damages regardless of who makes the claim, whether it is the bareboat charterer or the time charterer (ZIM).

At the time of the plaintiff's filing of the ex parte motion for an in rem arrest, the petitioners also filed a Request for a Monition or Restraining Order in Civil Action 05-CV-10637-GAO staying all actions in order that we might post the requisite security. It was anticipated at that time that the court would order a hearing on the same so that we could discuss the amount of the security, which is really all the parties have been arguing over.

Petitioners are concerned with the possibility of having inconsistent Letters of Undertaking provided to different claimants. Petitioners should only, at the worst, be required to provide one form of security to cover all anticipated claims.

Accordingly, the Petitioners request that this Court reconsider its Order directing the clerk to issue a warrant of arrest or temporarily staying that Order until such time that a hearing can be had and the proper amount of security can be decided upon to the satisfaction of all parties.

### Request for Hearing

The Petitioners request that the foregoing motion be scheduled for a hearing.

>For the defendants,
>By their attorneys,
>
>**REGAN & KIELY LLP**
>
>  /s/Joseph A. Regan
>Joseph A. Regan (BBO #543504)
>Syd A. Saloman (BBO #645267)
>85 Devonshire Street
>Boston, MA 02109
>(617)723-0901
>jar@regankiely.com